UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


| | | |
|---|---|---|
| DARRON LEE SMILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOWN OF EDINBURGH, INDIANA; | ) | CASE NO. 1:06-cv-1135-DFH-TAB |
| DANIEL GARVEY, JOSEPH GERTH, | ] | |
| DAVID LUTZ and PATRICK PANKEY, | ] | |
| individually and in their capacities as | ] | |
| Employees of the Edinburgh Police | ] | |
| Department. | ] | |
| | ) | |
| Defendants. | ) | |


ENTRY ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT


Police officers of the town of Edinburgh, Indiana arrested plaintiff Darron

Smiley for theft of a purse.  While searching Smiley during the arrest, one of the

officers found a bottle of prescription medicine in his pocket.  The officer looked

at the bottle and then returned it to Smiley's pocket.  The other officer did not

search Smiley again before placing him in a detention cell.  While in the cell,

Smiley swallowed all of the pills, causing him to have seizures and lose

consciousness.  Smiley has sued several officers from the Edinburgh Police

Department under 42 U.S.C. § 1983 for deliberate indifference to his serious

medical needs.  He has also sued the Town of Edinburgh and the Chief of Police

for failure to train police officers on how to provide for the medical needs of

detainees.  Finally, he has asserted state law claims against the individual officers and the Town of Edinburgh for negligence in failing to provide him adequate medical care and failing to supervise and train police officers.  As explained in detail below, the court grants the defendants' motion for summary judgment with respect to all claims asserted under 42 U.S.C. § 1983 and relinquishes jurisdiction over the state law claims.

*Summary Judgment Standard*

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Summary judgment is appropriate when there are no genuine issues of material fact, leaving the moving party entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The moving parties must show that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

A factual issue is material if resolving the issue might change the suit's outcome under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A factual issue is genuine if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the evidence presented.  *Id.*  In deciding a motion for summary judgment, a court may not assess the credibility of witnesses, choose between competing inferences, or

balance the relative weight of conflicting evidence; the court must view all the evidence in the record in the light reasonably most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party.  See Fed. R. Civ. P. 56(c); *Anderson*, 477 U.S. at 255; *Celotex*, 477 U.S. at 323.

## *Facts for the Purpose of Summary Judgment*

The following facts are not all necessarily true.  They are either undisputed or reflect the evidence in the light most favorable to plaintiff Smiley as the party opposing summary judgment.   On July 14, 2004, the Edinburgh Police Department received a call regarding the theft of a purse from a woman's car at a gas station.  Detective David Lutz and Officer Daniel Garvey went to the gas station to investigate, with Chief of Police Patrick Pankey assisting.  They viewed a videotape of the event and suspected that Darron Smiley was the culprit.  They later received a complaint from a local store reporting that someone had used a stolen credit card.  The officers suspected there might be a connection between the incident at the store and the theft from the gas station.  As the officers were backing a police car out of the police department parking lot to travel to the store, they observed Smiley walking through a nearby alley.  Lutz ordered Smiley to the ground and handcuffed him.

Plaintiff Smiley suffers from schizophrenia.  The day before the arrest, he had filled his prescription for Cogentin, medication he was taking to control the

side effects of his anti-psychotic medication.  He was carrying the Cogentin with him because he had not returned to his home after filling the prescription.  Lutz and Garvey searched Smiley during the arrest.  Lutz searched Smiley's pockets on one side and Garvey searched the other side.  Pankey was present and observed the search.  Lutz found at least one and perhaps two pill bottles in one of Smiley's pockets.  According to Smiley, after Lutz looked at the bottle, he returned it and a lighter to Smiley's pocket and stated: "Here, here's your pills back.  Take these if you want them."  Smiley Dep. 25.  Lutz has testified that he looked at the pill bottle to check if it belonged to the woman whose purse had been stolen and then returned it to Smiley's pocket.  Lutz Dep. 26.  He stated that he assumed that Garvey would search Smiley again before putting him in a cell.  *Id.* at 27.  Garvey and Pankey have testified that they saw Lutz remove the pill bottle but did not see him place it back into Smiley's pocket.  Garvey Dep. 32-35; Pankey Dep. 30-31.

Garvey and Pankey then took Smiley into the police station to process him. As Garvey attempted to photograph Smiley, Smiley took off his shirt and swung it at Garvey's nose.  Garvey Dep. 42.  Smiley did not exhibit any other strange behavior at this time.  Then, Garvey placed Smiley in a holding cell.  Neither Garvey nor Pankey searched Smiley again before he was placed in the holding cell. All three officers have stated that the correct procedure would have been to search the detainee, inventory his belongings, and place them in a property bag before placing him in the holding cell.  Garvey Dep. 37; Pankey Dep. 31; Lutz Dep.  29.

Detainees are kept in holding cells in the Edinburgh Town Hall building until an officer transfers them to the county jail, which is typically within a few hours.  The holding cells are monitored by a video camera, which is viewable on a television screen at the civilian dispatcher's desk.  Smiley remained in the cell unattended for an hour to an hour and a half while the officers investigated his case and other cases.

Smiley found the pill bottle in his pocket while he was in the holding cell. He backed up into a corner of the cell, stood out of the camera's view, and swallowed all of the pills.  Smiley Dep. 32.  A short time later, Smiley went into convulsions and fell to the cell floor.  When the officers came to transport him to the county jail, they discovered him bleeding on the floor.  They called an ambulance and administered aid.  When they investigated, they discovered a pill bottle that Smiley had apparently attempted to flush down the toilet in the plumbing system.

Smiley had never previously threatened or attempted suicide.  Smiley Dep. 33.  He stated that he did not know why he took all of the pills  and would not do it again, but that he was feeling depressed at the time.  He thought he might wake up after taking the pills but also that he might want to "end it." *Id.* at 34.  He said the idea of taking the pills came to him suddenly while he was in the cell. *Id.*  He had not told the police officers that he might harm himself or that he was mentally

ill.  He believes that Kenneth Gwinn, former Edinburgh Chief of Police, knew he was mentally ill because he is the father of Smiley's best friend.  Smiley Dep. 42.

*Discussion*

I.   *Claims Against Officer Gerth*

The plaintiff has voluntarily dismissed all claims against Officer Joseph Gerth because he played no part in the arrest, search, confinement, or supervision of Smiley.

II.  *Claims Under 42 U.S.C. § 1983*

Section 1983 creates a cause of action against "[e]very person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.  The plaintiff asserts that the individual officers and the Town of Edinburgh violated his constitutional rights by acting with deliberate indifference to his serious medical needs and failing to train officers on how to address the medical needs of detainees.  Cmplt. ¶ 23.

A.   *Detective Lutz*

A pretrial detainee's claim alleging inadequate medical care is a claim under the due process clause of the Fourteenth Amendment. *Chavez v. Cady*, 207 F.3d 901, 904 (7th Cir. 2000), citing *Bell v. Wolfish*, 441 U.S. 520 (1979). This type of claim is analyzed generally the same way as a convicted prisoner's claim under the Eighth Amendment would be analyzed. *Higgins v. Correctional Medical Services of Illinois, Inc.*, 178 F.3d 508, 511 (7th Cir. 1999), citing *Estate of Cole v. Fromm*, 94 F.3d 254, 259 (7th Cir. 1996). To prevail on a claim alleging inadequate medical care for a detainee, the plaintiff must prove that the officials showed deliberate indifference to a serious medical need. Deliberate indifference is a subjective standard. *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006). To demonstrate deliberate indifference, the plaintiff must show that a defendant acted "with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005), quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference "is more than negligence and approaches intentional wrongdoing." *Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998). To find a prison or jail official liable for denying a detainee humane conditions of confinement, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. In the case of medical needs, the official must have "subjective awareness" of the serious medical need and then act with indifference to that need. *Johnson*, 444 F.3d at 585, citing *Riccardo v. Rausch*, 375 F.3d 521, 526 (7th Cir. 2004).

When the risk of harm is a detainee's suicide or attempted suicide, the plaintiff must show that the defendant (1) subjectively knew that the prisoner was at substantial risk of committing suicide, and (2) intentionally disregarded the risk. *Collins v. Seeman*, 462 F.3d 757, 761 (7th Cir. 2006), citing *Matos v. O'Sullivan*, 335 F.3d 553, 557 (7th Cir. 2003), and *Estate of Novack v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000). "It is not enough that there was a danger of which a prison official objectively should have been aware." *Estate of Novack*, 226 F.3d at 529.  An official's failure to address a significant risk that he should have perceived but did not, while not commendable, does not rise to the level of deliberate indifference. *Farmer*, 511 U.S. at 837.

It is undisputed that Detective Lutz saw the pill bottle when he searched Smiley and then returned it to Smiley's pocket.  The plaintiff argues that the officers "were aware that Smiley was prescribed antipsychotic drugs and as such should have had a heightened concern with his safety in that regard." Pl. Br. 9. However, there is no actual evidence that Lutz was aware of the type of medicine the pill bottle contained.  Lutz has testified that he looked at the bottle only long enough to confirm that it belonged to Smiley and not to the woman whose purse had been stolen.  Lutz Dep. 26.  Even if Lutz had read the full prescription label, there is no evidence that would support an inference that he knew that Cogentin was a medication that is often prescribed to help control side effects of anti-psychotic medication.   The plaintiff suggests that Lutz could have easily discovered this fact by looking the Physician's Desk Reference in the squad room.

Pl. Br. 7.  The court assumes this is true, but deliberate indifference requires that the defendant actually knew of the substantial risk of harm, not that he could or should have known of that risk.  *Estate of Novack,* 226 F.3d at 529.

The plaintiff also has presented no evidence that Lutz knew that he was potentially suicidal or even mentally ill.  The plaintiff himself stated that he had never attempted suicide before this incident and made the decision to take the pills abruptly after he was placed in the holding cell.  Smiley Dep. 33-34.  Smiley's family members have stated that he had never attempted suicide prior to this incident.  Shasta Smiley Dep. 27; Michael Smiley Dep. 14.  The only evidence the plaintiff has provided on this issue is that Kenneth Gwinn, the former Chief of Police for the Town of Edinburgh, is the father of Smiley's best friend.  The plaintiff believes that Chief Gwinn was aware that he was mentally ill and assumes that he shared that information with other officers in the police department.  Smiley Dep. 42.  The plaintiff has not provided any evidence that Chief Gwinn shared this information with any of the defendant officers.  Chief Gwinn has testified that he knew that Smiley received disability benefits because of mental illness, but that he never discussed this with any other police officers.  Gwinn Dep. 6-8.  Detective Lutz and each of the other defendants have testified that Gwinn never talked to them about Smiley's mental illness.  Lutz Aff. ¶ 9; Garvey Aff. ¶ 9; Pankey Aff. ¶ 9. This evidence would not support an inference that any of the defendants had actual knowledge of Smiley's mental illness.

Lutz returned the pill bottle to Smiley and allegedly stated: "Here, here's your pills back. Take these if you want them." Even if he made that statement, there is no indication that he knew what type of medication was in the bottle, that Smiley was suicidal, or even that Smiley was mentally ill. The plaintiff has presented no evidence that Lutz was aware of a substantial likelihood of harm that could result from allowing Smiley to keep the pills in his possession. The failure to remove the pill bottle from Smiley's possession violated the Edinburgh police procedures and might have been negligent. However, even gross negligence is "below the standard needed to impose constitutional liability." *Collignon*, 163 F.3d at 988, citing *Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991). Thus, even when viewing the evidence in the light most favorable to the plaintiff, no reasonable jury could find that Detective Lutz acted with deliberate indifference toward the plaintiff's medical needs.

B.    *Officer Garvey*

The plaintiff has also alleged that Officer Garvey demonstrated deliberate indifference to his medical needs.[1]  He alleges that Garvey was standing no more than two feet away from Lutz when Lutz allegedly told Smiley:  "Here, here's your pills back.  Take these if you want them."  Subsequently, he did not prepare a bag for Smiley's possessions or ask Lutz where he had put the pill bottle.  The plaintiff therefore concludes that Garvey was aware that the pill bottle was in Smiley's pocket when he placed him in the holding cell.

As discussed above, to hold an official liable for deliberate indifference to a prisoner's medical needs under Section 1983, the official must have been aware of a serious medical need and acted with indifference to it.  *Farmer*, 511 U.S. at 837; *Johnson*, 444 F.3d at 585.  To be liable for an inmate's suicide or attempted suicide, "a prison official must be cognizant of the significant likelihood that an inmate may imminently seek to take his own life and must fail to take reasonable steps to prevent the inmate from performing this act."  *Sanville v. McCaughtry*, 266 F.3d 724, 737 (7th Cir. 2001), quoting *Estate of Novack*, 226 F.3d at 529.

---

[1]The plaintiff does not appear to have actually asserted a complaint against Officer Garvey under § 1983.  Count II of the Complaint, the only count under § 1983 that has not been dismissed, alleges only violations of federal law by Lutz and Pankey.  Because both sides' briefs assume that the plaintiff asserted a claim under § 1983 against Officer Garvey, the court will treat the complaint as having been amended with the parties' implied consent.  See Fed. R. Civ. P. 15(b)(2).

If Officer Garvey had known at the time that Smiley was schizophrenic or had suicidal tendencies and nonetheless allowed him to bring a full bottle of unknown pills into the holding cell, there would be evidence of deliberate indifference.  As discussed above, however, the plaintiff has not presented any evidence that Chief Gwinn told Garvey even that Smiley was mentally ill.  The plaintiff has presented no evidence that Garvey knew that he was schizophrenic, was taking both anti-psychotic medication and medication to ease the side effects of the anti-psychotic medication, or was suicidal.  Smiley had also shown no signs of emotional distress during his arrest or before being placed in the holding cell.  Thus, even if Officer Garvey knew that Smiley had the pills with him when he entered the holding cell, the plaintiff has not presented evidence that he was subjectively aware that Smiley posed a substantial risk of attempting suicide.

In some circumstances, an official's knowledge of a substantial risk of harm may be inferred from the sheer obviousness of the risk.  *Farmer*, 511 U.S. at 842-43 & n. 8.  The assertion that pretrial detainees, as a group, are often depressed and possibly suicidal is a broad generality that does not suffice as the kind of exceptional circumstance or obvious risk that supports an inference that Garvey knew of a substantial risk of harm to Smiley.  See *Nunez v. Deviney*, 2007 WL 2059726 at *3 (N.D. Tex. July 17, 2007) (rejecting argument that police officers' failure to remove detainee's shoelaces showed deliberate indifference to a substantial risk of suicide when there was no indication that the specific detainee was suicidal, and granting summary judgment for the police officers on

all Section 1983 claims).  At most, the plaintiff has presented evidence that Officer Garvey allowed him to bring into his cell pills he had been carrying around for two days without supervision and without incident.  Officer Garvey had no indication that there was a substantial risk that allowing Smiley to keep the pills could lead to serious harm or that there was a significant likelihood that Smiley would seek to take his own life.

C.      *Chief Pankey*

The plaintiff asserts that Chief Pankey is liable for violating his rights because of his position as the supervisor of the other officers.  A supervisor cannot be held liable under the doctrine of *respondeat superior* for the conduct of a subordinate who violated a plaintiff's constitutional rights.  *E.g.*, *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997).  A supervisor will be held liable if he had knowledge of the subordinate's conduct and approved of the conduct and the basis for it.  *Id.*, citing *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997).  But a supervisor who is negligent, even grossly negligent, in failing to detect and prevent misconduct by his subordinates is not liable under Section 1983.  *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1998).  "The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.  They must in other words act either knowingly or with deliberate, reckless indifference."  *Id.* at 992-93.

-13-

The plaintiff asserts that Chief Pankey was standing near Lutz and could have heard him when he told Smiley that he could take the pills if he wanted.  He was also present when Garvey brought Smiley into the police station and did not search him again before placing him in the holding cell. The plaintiff argues that Chief Pankey should be held liable for watching two of his officers violate police procedures and failing to intervene.

For the purpose of supervisor liability under Section 1983, the relevant inquiry is not whether Chief Pankey should have stepped in to prevent the officers from violating the local police procedures.  The plaintiff must prove that Pankey had actual knowledge of conduct by his subordinates that violated the Constitution and approved of the conduct or turned a blind eye for fear of what he might see.  See *Jones*, 856 F.2d at 992-93.  The plaintiff has presented no evidence that Pankey was aware that he was schizophrenic or suicidal when he was placed in the holding cell.  Pankey was no more aware of a risk that Smiley would attempt suicide than were Lutz and Garvey.  The evidence the plaintiff has presented does not show that Chief Pankey facilitated, approved, condoned, or turned a blind eye to any constitutional violation by his subordinates.

E.     *Claims for Failure to Train*

The plaintiff claims that Chief Pankey and the Town of Edinburgh[2] are liable for failing to train police officers about detainees' mental health and medical needs and failing to promulgate a policy for administering medication to detainees.  If none of the individuals inflicted a constitutional injury, neither the individual supervisor nor the municipality can be held liable on a failure to train theory.  *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir. 2000); *Tesch v. County of Green Lake,* 157 F.3d 465, 477 (7th Cir. 1998); *Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 597 (7th Cir. 1997).  Here, the plaintiff has not presented evidence sufficient to support a finding that any of the individuals showed deliberate indifference to his serious medical needs.  Thus, neither Pankey nor the Town of Edinburgh can be held liable on a failure to train theory.

Even if an individual officer had inflicted a constitutional injury on the plaintiff, there would be no basis for municipal liability based on failure to train. A municipality can be found liable under Section 1983 if the execution of a policy or practice of the municipality caused the constitutional violation.  *Monell v.*

---

[2] The plaintiff does not appear to have actually asserted a complaint against the Town of Edinburgh or the officers in their official capacities under § 1983. Count II of the Complaint, the only count under § 1983 that has not been dismissed, specifies that it seeks relief from the officers individually.  Because both sides' briefs assume that the plaintiff asserted a claim under § 1983 against the Town of Edinburgh, the court will treat the complaint as having been amended with the parties' implied consent.  See Fed. R. Civ. P. 15(b)(2).

*Department of Social Services*, 436 U.S. 658, 694 (1978).  Inadequacy of police training is one way a municipality could cause a constitutional violation.  However, inadequacy of police training is a basis for Section 1983 liability only if "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  A plaintiff can prove deliberate indifference by the municipality in one of two ways.  First, a plaintiff can demonstrate that the municipality failed to train its employees "to handle a recurring situation that presents an obvious potential for a constitutional violation . . . ."  *Dunn v. City of Elgin*, 347 F.3d 641, 646 (7th Cir. 2003), citing *Board of the County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 409 (1997), and *Robles v. City of Fort Wayne*, 113 F.3d 732, 735 (7th Cir. 1997).  Second, a plaintiff can demonstrate that the municipality showed deliberate indifference by failing to provide further training after learning of a pattern of constitutional violations by the police.  *Palmquist v. Selvik*, 111 F.3d 1332, 1346 (7th Cir. 1997).

Both methods for finding municipal liability based on failure to train require a showing of a recurring situation that highlights the need for training in a specific area.  Chief Pankey has testified that Edinburgh did not have written rules or policies with respect to providing medical care for detainees.  Pankey Dep. 14.  However, that evidence must be viewed within the proper context.  Edinburgh is a small town with a population of approximately 4,200.  The Edinburgh police department uses its holding cells only for very short-term detention until officers

are able to transfer the detainees to the county jail.  Pankey Dep. 14.  The plaintiff has presented no evidence that the Town of Edinburgh has had recurring problems with its police officers allowing detainees to bring pills into holding cells, failing to address the serious medical needs of detainees, or in any way acting with deliberate indifference to the care and safety of its detainees.

II.     *State Law Claims*

The plaintiff has asserted claims under Indiana law against all defendants for negligence in failing to provide adequate medical care and negligence in supervising and training the officers of the Edinburgh Police Department.  The only basis of federal jurisdiction over these state law claims is federal supplemental jurisdiction under 28 U.S.C. § 1367, which allows a federal court to decide state law claims outside federal diversity jurisdiction if they are so closely related to the federal claims as to be considered part of the same case.  A federal district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).

When all federal claims have been dismissed, the district court should ordinarily relinquish jurisdiction over the supplemental state law claims rather than resolve them on the merits.  *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *Miller Aviation v. Milwaukee County Bd. of Supervisors*, 273 F.3d 722, 731 (7th Cir. 2001); *Wright v. Associated Insurance Cos.*, 29 F.3d 1244, 1251 (7th

Cir. 1994).   The factors that determine whether supplemental jurisdiction is appropriate – judicial economy, convenience, fairness, and comity – will usually weigh in favor of dismissal at this stage.  *Wright*, 29 F.3d at 1251.  The Seventh Circuit has identified three situations in which jurisdiction over supplemental claims should be retained even though the federal claims have been dismissed: (1) where the statute of limitations would bar the refiling of the supplemental claims in state court; (2) where substantial judicial resources have already been expended on the supplemental claims; or (3) where the outcome of the claims is obvious.  *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007), citing *Wright*, 29 F.3d at 1251-52.

None of these situations applies in this case.  First, the plaintiff filed his claims in state court initially, so there is no need for the plaintiff to refile the state law claims and no risk that the claims could be barred by the statute of limitations.  Second, substantial judicial resources have not yet been expended on the state law claims.  The defendants have argued that the outcome of the claims is obvious because the individual officers and the Town of Edinburgh are immune from state law claims for negligence in providing medical care and negligence in failure to adequately train officers in how to provide medical care to detainees.  They have cited Indiana Code § 34-13-3-5(b), which provides immunity for government employees who have been sued in their individual capacities for actions they took within the scope of their employment.  They have also cited Indiana Code § 34-13-3-3(8), which provides immunity for governmental entities

-18-

and employees who acted to enforce a law, unless the act of enforcement included false arrest or false imprisonment.

In *Tittle v. Mahan*, 582 N.E.2d 796, 801 (Ind. 1991), the Indiana Supreme Court held that immunity based on "enforcement of a law" is limited to activities attendant to effecting an arrest and does not apply to claims based on the operation of a jail or maintenance of prisoners. If the actions of the officers after Smiley's arrest cannot be classified as actions to enforce a law, the municipality would not have immunity and the negligence claims would have to be decided on their merits. The outcome of the state law claims is not so obvious as to weigh in favor of retaining jurisdiction in federal court. Accordingly, the court exercises its discretion to decline to exercise supplemental jurisdiction in this case. Counts IV and V will be remanded to the state court.

### Conclusion

For the foregoing reasons, all claims against Officer Gerth are dismissed with prejudice. The court also grants the defendants' motion for summary judgment with regard to claims brought against Detective Lutz, Officer Garvey, Chief Pankey, and the Town of Edinburgh under federal law. All state law claims will be remanded to the state court. Final judgment shall be entered accordingly.

So ordered.

Date: February 14, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Susan L. Lee
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Michael Roy Morow
STEPHENSON MOROW & SEMLER
mmorow@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Ross G. Thomas
DILLON LAW OFFICE
rossthomas@dillonandthomas.com